TRAVELERS INS. CO., APPELLANT, *v.*
AUTOMOBILE TRADER, INC., APPELLEE.

(No. 81AP-358—Decided
September 10, 1981.)

*Messrs. Schilder & Haines* and *Mr. Joseph W. Schilder,* for appellant.

*Mr. Howard P. Lowe* and *Mr. Kenneth Ray Boggs,* for appellee.

McCORMAC, J. The Travelers Insurance Company filed a second amended complaint in the Franklin County Municipal Court against Automobile Trader, Inc. and Everett L. Hackney, alleging that it had insured Central Cadillac Company against damage to an automobile in excess of $250, and that defendants negligently damaged an insured automobile in the amount of $4,977. Travelers paid its insured $4,727, to which claim it was subrogated, and for which amount it demanded judgment against defendants. Service was not obtained on Hackney and the case proceeded to trial before the court, a jury having been waived, against Automobile Trader, Inc. The following matters were stipulated: ownership of the damaged automobile of Central Cadillac; damages as alleged in the complaint; and subrogation of the claim to The Travelers Insurance Company. The contents of a police report were stipulated as to matters about which the trooper could testify. The sole issue to be heard by the court was the question of liability of defendant Automobile Trader, Inc.

The case was tried to the court. After presentation of plaintiff's case, defendant moved for a "directed verdict." The trial court found that plaintiff did not prove its case by a preponderance of the evidence and dismissed the complaint.

Plaintiff has appealed, asserting the following assignment of error:

"The trial court erred in sustaining defendant's motion made pursuant to Civil Rule 41(B) at the close of plaintiff's case in that the conclusion reached by the court is wholly against the manifest weight of the evidence and is erroneous as a matter of law."

The plaintiff's sole witness was David Eklund, the used car manager of Central Cadillac, Cleveland, Ohio. His duties involved the sale and purchase of automobiles at auctions. When six or seven cars were purchased at an auction in Columbus, it was their policy to arrange to have a trucker haul the vehicles to Cleveland. In November 1978, seven cars were purchased at the Columbus auction and Eklund had contacted Automobile Trader, Inc., through a man named Luke, by telephone, to ship the cars to Cleveland. Those cars were shipped and payment was made, proof of which was submitted in the record. The person named Luke, whom Eklund called, was a man named Luke Hackney who was contacted by business telephone under the number of Automobile Trader, Inc. in Columbus, Ohio. Eklund had occasion once

again to contact the man named Luke at the business telephone number of Automobile Trader, Inc. in Columbus in December 1978, to arrange to move seven cars from Cleveland to the automobile auction in Columbus. He called Hackney and asked him to pick the cars up, reaching him at the Automobile Trader's phone number in Columbus. Those vehicles were picked up and he was billed by Automobile Trader, Inc. He could not locate the bill and the bill was not paid. The first Wednesday in January, after the cars were to be picked up and delivered, he contacted Luke again by business telephone at Automobile Trader, Inc. because only six of the cars had arrived and he called to ask where the other car was. Luke told him that "something happened to it on the way down." The car was subsequently recovered in a damaged condition.

There was no evidence contrary to the testimony of David Eklund. He freely admitted that he did not remember Luke ever specifically stating that he worked for Automobile Trader, Inc. and that he did not know who actually trucked the cars from Cleveland to Columbus.

Pursuant to the stipulation, plaintiff's counsel proffered that the state patrolman would testify, based on the patrol report, that the damaged vehicle was dropped on the highway from an auto carrier and that the patrolman determined, by checking the license of the hauling truck with the Bureau of Motor Vehicles' computer, that the vehicle carrying the car was owned by Automobile Trader, Inc. Defendant objected to the latter testimony on the basis of hearsay, but the trial court overruled the objection and admitted the evidence. No assignment of error has been raised by defendant in regard to that ruling.

Plaintiff then rested and the trial court dismissed the case, pursuant to Civ. R. 41(B)(2), on the basis that plaintiff had not proved agency and that apparently there was insufficient proof that Luke was the agent of Automobile Trader, Inc.

Plaintiff's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the trial court for a new trial.

The judgment of the trial court is against the manifest weight of the evidence. The evidence is unequivocal that Central Cadillac contacted a man named Luke at the business telephone of Automobile Trader, Inc. and arranged for seven automobiles, including the damaged automobile, to be transported from Cleveland to Columbus. Six cars arrived and Central Cadillac was billed by Automobile Trader, Inc. for the shipment. The seventh car did not arrive and Central Cadillac again contacted Luke at the same business telephone and Luke stated that the car had been damaged on the way. There is evidence of a previous course of dealing with the same person and the same company. The state patrolman testified that the truck hauling the damaged automobile was registered to Automobile Trader, Inc.

There was ample evidence that Luke was an agent of and represented Automobile Trader, Inc. in agreeing to transport the car, which was subsequently damaged, from Cleveland to Columbus. Evid. R. 901 provides, as pertinent, as follows:

"(A) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

"(B)  Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
"* * *

"(6)  Telephone conversations. Telephone conversations, by evidence that a

272

call was made to the number assigned at the time by the telephone company to a particular person or business, if * * * (b) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone."

Plaintiff proved without equivocation, pursuant to Evid. R. 901(B)(6), that its insured dealt by telephone with Automobile Trader, Inc. at a number assigned to that business concerning a matter reasonably transacted over the telephone. That evidence is uncontroverted and sufficient to establish the identity of defendant as the party with whom the hauling agreement was made. Moreover, there was uncontroverted evidence that the truck, from which the automobile fell and was damaged, was owned by Automobile Trader, Inc. None of this evidence was controverted nor was there any basis upon which to find that plaintiff's evidence was not credible. Defendant offered no evidence to the contrary.

The trial court erred in dismissing plaintiff's case at the end of plaintiff's evidence. Plaintiff was entitled, at that point, to a verdict in its favor if defendant failed to offer evidence negating that proof.

Plaintiff's assignment of error is sustained. The judgment of the trial court is reversed. The case is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed and case remanded.*

REILLY and CELEBREZZE, JJ., concur.

CELEBREZZE, J., of the Eighth Appellate District, sitting by designation in the Tenth Appellate District.